UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN R. GALATRO,

    Plaintiff,

vs.

THE UNITED STATES,

    Defendant.
_____/

CASE NO.:

CIVIL ACTION

NON-JURY TRIAL

**COMPLAINT**

The Plaintiff, JOHN R. GALATRO, by and through the undersigned attorney, sues the Defendant, THE UNITED STATES, and alleges:

**GENERAL ALLEGATIONS**

1. This is an action arising under the Federal Tort Claims Act, 28 U.S.C Section 2671 et. Seq. This Court is vested with jurisdiction pursuant to Section 1346(b), Title 28 of the United States Code.

2. At all times material hereto, the Plaintiff, JOHN R. GALATRO, was and is a resident of Pasco County, Florida.

3. At all times material hereto, Defendant, THE UNITED STATES, did own a 1988 Chevrolet motor vehicle (VIN# 1GBBS10EXJ2312857) which was utilized and/or controlled by the United States Postal Service.

4. On February 16, 2023, at or near the intersection of Rowan Road and Cypress Knoll Drive, in New Port Richey, Pasco County, Florida, the Plaintiff, JOHN R. GALATRO, was a passenger on a

public bus.

5. At all times material hereto, the Defendant, THE UNITED STATES, was the employer of Michael A. Defreese, Jr., as defined under U.S. Code, Title 28, Section 2671.

6. At all times material hereto, Michael A. Defreese, Jr. was acting within the scope of his employment for the Defendant, THE UNITED STATES.

7. On or about February 16, 2023, at or near the intersection of Rowan Road and Cypress Knoll Drive, in New Port Richey, Pasco County, Florida,, the Defendant's employee, Michael A. Defreese, Jr., negligently maintained, controlled and operated he afore-mentioned motor vehicle owned by the Defendant, THE UNITED STATES, so as to cause said automobile to collide with and against the afore-mentioned public bus in which the Plaintiff, JOHN R. GALATRO, was a passenger, causing serious bodily injuries to the Plaintiff, JOHN R. GALATRO.

8. Michael A. Defreese, Jr. was negligent in failing to keep a proper lookout, and in failing to stop, and in failing to maintain proper control of the afore-mentioned vehicle he was operating.

9. At times material hereto Michael A. Defreese, Jr. had the permission and acquiescence of the United States Postal Service, an agency or agent or department of the Defendant, THE UNITED STATES, to use and/or operate said motor vehicle.

10. At all times material hereto, said motor vehicle used

and/or operated by Michael A. Defreese, Jr. was a dangerous instrumentality.

11. The afore-mentioned action and/or inaction of Michael A. Defreese, Jr. was the sole proximate cause of the collision, and such negligence is imputed to the Defendant, his employer at said time and place, by virtue of, but not limited to, the provisions of U.S. Code, Title 28, Sections 2674 and 2679.

12. That, pursuant to the Federal Tort Claims Act in Title 28, Code of Federal Regulations, Part 14, a standard form 95 was timely filed upon the United States Postal Service as to the Plaintiff.

13. Any and all negligence of the employee of the United States Postal Service, as mentioned above, was the sole proximate cause of the afore-mentioned accident, and such negligence is imputed to Defendant, THE UNITED STATES, by virtue of, but not limited to, the provisions of U.S. Code, Title 28, Sections 2674 and 2679.

14. That, pursuant to Title 28, Code of Federal Regulations, section 14.9(a), and U.S. Code, Title 28, Section 2675, six months have expired since the receipt of said form 95 and/or a letter of denial and/or final offer and/or final disposition was received as to said Plaintiff.

15. At all times material hereto, the Defendant's employee, Michael A. Defreese, Jr., owed a duty to the Plaintiff, and others similarly situated, to use reasonable care in the operation of the

afore-mentioned motor vehicle owned by Defendant.

16. That the Defendant's employee, Michael A. Defreese, Jr., breached the duty of care to the Plaintiff in one or more of the following ways, any one of which was a departure from the accepted standard of care:

(a) By failing to operate the afore-mentioned motor vehicle he drove in a reasonable manner;

(b) By failing to operate the afore-mentioned motor vehicle he drove in a manner which complied with Florida traffic laws;

(c) By failing to keep an attentive lookout while operating the afore-mentioned motor vehicle he drove;

(d) By failing to stop the afore-mentioned motor vehicle he drove so as to have avoided striking the afore-mentioned public bus.

17. As a direct and proximate result of the aforesaid negligence of Defendant's employee, the Plaintiff, JOHN R. GALATRO, was injured in and about his body and extremities, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing in nature and Plaintiff, JOHN R. GALATRO, will suffer the losses in the future.

WHEREFORE, Plaintiff, JOHN R. GALATRO, demands judgment

against the Defendant, THE UNITED STATES, for an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of costs and interest.

/s/ Eduardo R. Latour
Eduardo R. Latour, Esq.
LATOUR & ASSOCIATES, P.A.
135 East Lemon Street
Tarpon Springs, Florida 34689
727/937-9577
latourlawfirm@gmail.com
edlatourpleadings@gmail.com
Attorneys for Plaintiff
Fla. Bar No.: 279994
